IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| RUKISHA CRAWFORD, | ) | |
| | ) | Case No. 1:22-cv-3562 |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | **JURY DEMANDED** |
| DEKALB COMMUNITY UNIT SCHOOL DISTRICT 428, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Now comes the Plaintiff, RUKISHA CRAWFORD, by and through her attorneys, and for her Complaint against the Defendant, DEKALB COMMUNITY UNIT SCHOOL DISTRICT 428, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is a complaint for damages, equitable relief, and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, as amended, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended.

**JURISDICTION AND VENUE**

2. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

   a. Plaintiff filed a Charge of Discrimination, number 440-2020-06712, with the Equal Employment Opportunity Commission ("EEOC") on November 9, 2020; and

   b. The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on April 13, 2022.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an individual who at all relevant times resided in DeKalb, Illinois.

6. Defendant is a public school district of the State of Illinois, which has its principal place of business in DeKalb, Illinois.

7. Plaintiff and Defendant are each "persons" as defined in 42 U.S.C. § 12111(7), as they meet the definition of a person as defined in 42 U.S.C. § 2000e(a), in that they both "include[] one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations…."

8. Plaintiff and Defendant are both "persons" as defined in 42 U.S.C. § 2000e(a).

9. Defendant is an "employer" as defined in 42 U.S.C. § 12111(5)(A) and 42 U.S.C. § 2000e(b), as it is a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10. Plaintiff is an "employee" as defined in 42 U.S.C. § 12111(4) and 42 U.S.C. § 2000e(f), as she is an individual who was employed by the Defendant, an employer.

11. Plaintiff was a "qualified individual" as defined in 42 U.S.C. § 12111(8), as she was an individual who, with or without reasonable accommodation, could perform the essential functions of the employment position that she held.

12. Plaintiff's race is African American.

## BACKGROUND FACTS

13. Plaintiff suffers from hyperthyroidism stemming from the removal of her thyroid gland due to thyroid cancer.

14. Plaintiff's condition is a "disability" as defined in 42 U.S.C. § 12102(1), as it is a physical and/or mental impairment that substantially limits one or more major life activities of Plaintiff.

15. Plaintiff began her employment with Defendant during or about January 2008 as a substitute teacher.

16. Plaintiff's most recent position with Defendant, which she began during or about August 2016, was as a Building Substitute Teacher at Clinton Rosette Middle School.

17. During her employment Plaintiff performed her job duties to all legitimate expectations.

18. At all relevant times, Defendant had knowledge of Plaintiff's disability.

19. Plaintiff's disability negatively affects her immune system and makes her especially vulnerable to serious health complications caused by COVID-19.

20. Accordingly, during or about August 2020, Plaintiff requested a reasonable accommodation to teach via remote learning from her home, in order to avoid possible exposure to COVID-19.

21. Plaintiff followed all of Defendant's policies and procedures for requesting a reasonable accommodation, including, but not limited to, providing an ADA Medical Certification for Accommodation completed by her doctor.

22. Despite providing all of the necessary paperwork to Defendant's human resources office, Defendant refused to provide Plaintiff with the reasonable accommodation she requested.

23. Shortly thereafter, Defendant put Plaintiff on a "Last Chance Agreement" due to the fact that she was unable to report to work in person due to her disability.

24. On or about June 3, 2020, Defendant held a public forum meeting which Plaintiff attended.

25. At said meeting, Plaintiff made a public statement that she and other African-American employees of Defendant at Clinton Rosette Middle School had been subjected to racial discrimination.

26. One example of such racial discrimination is that Plaintiff was not offered long-term substitute teaching assignments which were instead offered to non-African-American substitute teachers.

27. Another example of such racial discrimination is that the after-school dance program which Plaintiff ran with a paraprofessional who was also African-American did not receive the same support from Defendant which other school programs received.

28. On or about August 31, 2020, Defendant terminated Plaintiff's employment.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## DISABILITY DISCRIMINATION

29. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 28 above as if reiterated herein.

30. Defendant intentionally discriminated against Plaintiff on the basis of her disability by refusing to provide a reasonable accommodation for Plaintiff's disability, and by terminating Plaintiff's employment due to her disability and her request for a reasonable accommodation.

31. Defendant, through its employees, agents, and/or authorized representatives, knew that its termination and discriminatory treatment of Plaintiff violated the ADA.

32. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

33. During Plaintiff's employment with Defendant and when Plaintiff was terminated by Defendant, she was subjected to discrimination for engaging in a legally protected activity, as set forth above.

34. The discriminatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendant.

### COUNT II
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### RETALIATION

35. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 28 above as if reiterated herein.

36. Defendant retaliated against Plaintiff on the basis of her disability by unreasonably refusing to provide a reasonable accommodation for Plaintiff's disability and by terminating Plaintiff's employment due to her disability and her request for a reasonable accommodation.

37. Defendant, through its employees, agents, and/or authorized representatives, knew that its retaliatory treatment of Plaintiff violated the ADA.

38. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

39. During Plaintiff's employment with Defendant and when Plaintiff was terminated by Defendant, she was subjected to retaliation for engaging in a legally protected activity, as set forth above.

40. The retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were

undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendant.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 DUE TO RACE DISCRIMINATION

41. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 28 above as if reiterated herein.

42. Defendant, in violation of 42 U.S.C. § 2000e, has denied and continues to deny Plaintiff an equal opportunity for employment due to her race, African American.

43. During Plaintiff's employment with Defendant, she was subjected to racial discrimination in that she was treated less favorably than other employees because of her race.

44. The discriminatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendant.

45. Defendant, through its employees, agents, and/or authorized representatives, knew that its termination and discriminatory treatment of Plaintiff because of her race violated Title VII.

46. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendant from maintaining a policy, practice, usage, or custom of discriminating against Plaintiff because of her race with respect to compensation, terms, conditions, and/or privileges of employment, depriving Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee, because of her race. This Complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges,

benefits, and income that would have been received by her but for Defendant's unlawful and illegal discriminatory acts and practices.

47. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom, and usage as set forth herein, unless and until it is enjoined by the Court.

## COUNT IV
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 DUE TO RETALIATION

48. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 28 above as if fully reiterated herein.

49. Defendant, in violation of 42 U.S.C. § 2000e, has denied and continues to deny Plaintiff an equal opportunity in retaliation for opposing racial discrimination in the workplace.

50. During Plaintiff's employment with Defendant and when Plaintiff was terminated by Defendant, she was subjected to discrimination and retaliation for engaging in a legally-protected activity, as set forth above.

51. The retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendant.

52. Defendant, through its employees, agents, and/or authorized representatives, knew that its retaliation, termination, and discriminatory treatment of Plaintiff because she opposed racial discrimination violated Title VII.

53. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent

injunction restraining Defendant from maintaining a policy, practice, usage, or custom of retaliating against Plaintiff because she engaged in a protected activity with respect to compensation, terms, conditions, and/or privileges of employment, depriving Plaintiff of equal employment opportunities, and otherwise adversely affecting her status as an employee, because of reporting and opposing discrimination based on race. This Complaint also seeks restitution to Plaintiff for the denial of all rights, privileges, benefits, and income that would have been received by him but for Defendant's unlawful and illegal retaliatory acts and practices.

54. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom, and usage as set forth herein, unless and until it is enjoined by the Court.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, RUKISHA CRAWFORD, respectfully prays this Honorable Court enter judgment against Defendant, DEKALB COMMUNITY UNIT SCHOOL DISTRICT 428, as follows:

a. Declaring the Defendant's practices complained of herein unlawful and in violation of Title VII and the ADA;

b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Ordering modification or elimination of the practices, policies, customs,

      and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate or retaliate against employees as prohibited by the ADA or Title VII;

d. Immediately assigning Plaintiff to the position she would now be occupying but for the discriminatory and retaliatory practices of Defendant, and adjusting the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would have received but for the discriminatory and retaliatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e. Compensating and making Plaintiff whole for all earnings, wages, bonuses, and other benefits that Plaintiff would have received but for the discriminatory and retaliatory practices of Defendant, and the willful violations of Defendant;

f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory and retaliatory practices of Defendant, and for the willful violations of Defendant;

g. Awarding Plaintiff all witness fees, court costs, and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

h. Awarding Plaintiff compensatory and punitive damages for Defendant's conduct, and granting such other relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

RUKISHA CRAWFORD

By: /s/ David B. Levin
Attorney for Plaintiff
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com